Berioza v. Lynch

BIA
Christensen, IJ
A205 217 393

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand sixteen.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

OLEG BERIOZA, AKA OLEG MIHAIL BERIOZA,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

14-3461
NAC

**FOR PETITIONER:**              Charles Richard Conroy, New York, New York.

**FOR RESPONDENT:**              Benjamin C. Mizer, Principal Deputy Assistant
                                Attorney General; Blair T. O'Connor,
                                Assistant Director; Rosanne M. Perry, Trial
                                Attorney, Office of Immigration Litigation,
                                United States Department of Justice,
                                Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Oleg Berioza, a native and citizen of Moldova, seeks review of an August 12, 2014, decision of the BIA affirming a July 15, 2013, decision of an Immigration Judge ("IJ") denying Berioza's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Oleg Berioza*, No. A205 217 393 (B.I.A. Aug. 12, 2014), *aff'g* No. A205 217 393 (Immig. Ct. N.Y. City July 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of*

2

*Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Berioza's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Berioza challenges the adverse credibility determination only to the extent that the agency failed to consider evidence of country conditions; any other challenge to the credibility finding has been waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Berioza's argument that the agency did not consider this evidence fails for two reasons.

First, we "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). An IJ is not required to "enumerate and evaluate on the record each piece of evidence, item by item," for the presumption to apply. *Id.* at 341. Berioza has introduced no evidence to rebut this presumption. The fact that the agency did not explicitly discuss this evidence or grant relief is insufficient.

Second, the evidence was not material to the agency's decision. Assuming, *arguendo*, that the agency did not consider the evidence, and further assuming, as Berioza urges us to, that the adverse credibility determination does not extend to Berioza's prior religious practices in Moldova, country conditions are still irrelevant because the IJ found that Berioza was not credible as to his continued religious practice. Accordingly, even if his evidence conclusively established a pattern or practice of persecuting Baptists, he did not credibly show that he remained a member of that persecuted class. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(B). Further, the assumption that the credibility determination does not extend to Berioza's prior practice is highly dubious. The IJ did not

4

credit any of Berioza's testimony and found him not credible both as to his allegations of past harm and as to his ongoing practice of Christianity. *Cf. Paul v. Gonzales*, 444 F.3d 148, 153 n.4 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk